UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

| | |
|---|---|
| JUAN JIMENEZ, ) | CASE NO. 4:06 CV 1674 |
| ) | |
| Plaintiff, ) | JUDGE ANN ALDRICH |
| ) | |
| v. ) | |
| ) | MEMORANDUM OF OPINION |
| BUREAU OF PRISONS, et al., ) | AND ORDER |
| ) | |
| Defendants. ) | |

On July 12, 2006, plaintiff pro se Juan Jimenez filed the above-captioned Bivens[1] action against the Bureau of Prisons ("BOP"), Northeast Ohio Correctional Center ("NEOCC") Sergeant Perone, NEOCC Corrections Officer Miranda, "unknown officer in business office" and "unknown officer." (Compl. at 4.) In the complaint, plaintiff alleges that the BOP is discriminating against inmates who may be deported by assigning them to certain prisons. He further asserts that he was harassed by NEOCC staff for preparing to file this lawsuit. He seeks monetary and injunctive relief.

**Background**

Mr. Jimenez indicates that he is a prisoner designated by the federal Bureau of Prisons to NEOCC. He states that the "BOP is discriminately [sic] assigning a certain class of people (deportables) to facilities similar to NEOCC...under the guise of penological interests and

---

[1] Bivens v. Six Unknown Agents, 403 U.S. 383 (1971).

management and security interests." (Compl. at 5.) He provides no other information about this claim and there are no other allegations against the BOP.

Mr. Jimenez alleges that when he was preparing this lawsuit, he was harassed by NEOCC staff. He contends that his unit manager, who is not a defendant herein, walked into his cell, threw his legal work on the floor and took his personal chair. He claims she then took away his "exempt status so that [he] would have to pay court costs or risk going to the hole." (Compl. at 5.) He indicates he has no job and no money in his prison trust account with which to pay the costs. Mr. Jimenez claims his Unit Manager then telephoned the NEOCC business office and asked them to relay a message to the law library indicating that Mr. Jimenez was not to receive any more free photocopies.

Mr. Jimenez prepared a petition which he hoped would bolster his lawsuit against the BOP. The petition invited other inmates who thought inmates subject to deportation were being unfairly designated to certain prison facilities to sign the petition. Officer Miranda saw Mr. Jimenez circulating the petition and confiscated it. She turned it in to Sergeant Perone who began questioning inmate Jaime Goyton about the petition. Mr. Goyton had not signed the petition and denied having any knowledge about it. Mr. Jimenez claims that other inmates heard of the incident and declined to sign the petition fearing retaliation.

Mr. Jimenez asks this court to enjoin the BOP preventing them from segregating inmates subject to deportation to certain facilities. He also asks the court to enjoin the BOP to prevent his transfer to another facility during the pendency of this action. He seeks monetary damages in the amount of $ 100,000 for violating his First Amendment right of access to the courts.

### Exhaustion of Administrative Remedies

A prisoner must allege and show that he has exhausted all available administrative

remedies before filing a civil rights action in federal court to challenge the conditions of his confinement. 42 U.S.C. §1997e; Wyatt v. Leonard, 193 F.3d 876, 878 (6th Cir. 1999); Brown v. Toombs, 139 F.3d 1102, 1104 (6th Cir. 1988), cert. denied, 525 U.S. 833 (1998). To establish that he exhausted his remedies prior to filing suit, the prisoner must plead his claims with specificity and show that he has exhausted his administrative remedies with respect to each allegation against each defendant by attaching to the complaint a copy of the applicable administrative dispositions or, in the absence of written documentation, describing with specificity the administrative proceedings and their outcomes. Knuckles-El v. Toombs, 215 F.3d 640, 642 (6th Cir. 2000). The prisoner must exhaust each specific claim against each defendant named in the complaint to satisfy the exhaustion requirement. See Curry v. Scott, 249 F.3d 493, 504-05 (6th Cir. 2001). Moreover, the prisoner must specifically grieve allegations of retaliation or conspiracy against the defendants he names in his complaint. Garrison v. Walters, No. 00-1662, 2001 WL 1006271 (6th Cir. Aug. 24, 2001); Curry, 249 F.3d at 504-05. In the absence of such particularized averments concerning exhaustion, the action must be dismissed. Id.

Because NEOCC is a private prison, it is difficult to determine on the face of the pleading what grievance procedure is available to the inmates. Title 28 of the Code of Federal Regulations sets forth a four-step grievance procedure for administrative remedies for inmates housed in federal prisons. As the inmates housed at NEOCC are federal inmates, it is likely that they are required to utilize the grievance procedure for federal inmates.

Under Title 28, an inmate initiates the grievance procedure by requesting an Informal Resolution from the prison official whose area of responsibility is most related to the grievance. 28 C.F.R. § 542.13. If the inmate is dissatisfied with the informal response, or if there has been no response to the complaint, the inmate may file a BP-9 form with the institution staff

member designated to receive such requests. 28 C.F.R. § 542.14. If this second step does not provide satisfactory results, the inmate may file an appeal on a BP-10 form to the Regional Director. 28 C.F.R. § 542.15. An inmate who is not satisfied with the Regional Director's response may submit an appeal on the appropriate BP-11 form to the General Counsel. 28 C.F.R. § 542.15. The General Counsel's written response to the inmate's appeal is the final decision on the grievance.

Regardless of whether NEOCC utilizes the grievance procedure for federal facilities or whether it uses one of its own design, Mr. Jimenez has not demonstrated that he has exhausted his administrative remedies for each claim against each defendant. He has not attached copies of relevant grievances nor has he included specific allegations of exhaustion in his pleading. There is no indication that completed either the federal grievance procedure or the procedure established by NEOCC for each of his claims. The inmate bears the burden of establishing exhaustion of administrative remedies. Brown, 139 F.3d at 1104. Mr. Jimenez has not satisfied that burden.

### Conclusion

Accordingly, this action is dismissed without prejudice pursuant to 42 U.S.C. §1997e. Further, the court certifies pursuant to 28 U.S.C. §1915(a)(3) that an appeal from this decision could not be taken in good faith.[2]

IT IS SO ORDERED.

   s/Ann Aldrich
ANN ALDRICH
UNITED STATES DISTRICT JUDGE

---

[2] 28 U.S.C. § 1915(a)(3) provides:

An appeal may not be taken in forma pauperis if the trial court certifies that it is not taken in good faith.

4